# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**NORA A. MATUSZKIEWICZ,**
**Claimant Below, Petitioner**

**FILED**

July 31, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0466** (BOR Appeal No. 2053672)
(Claim No. 2017022266)

**REAGENT CHEMICAL & RESEARCH, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Nora A. Matuszkiewicz, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Reagent Chemical & Research, Inc., by Counsel H. Dill Battle III and Charity K. Lawrence, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on March 16, 2017. The Office of Judges affirmed the decision in its November 27, 2018, Order. The Order was affirmed by the Board of Review on April 19, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Matuszkiewicz, an office manager, alleges that she sustained a right shoulder injury while lifting boxes at work on October 20, 2016. Ms. Matuszkiewicz previously sustained a right shoulder injury in 2013. She was treated by James Cox, D.O., with a right shoulder arthroscopy and physical therapy. Ms. Matuszkiewicz returned to Dr. Cox on November 28, 2016, for right shoulder pain. She denied experiencing a new injury. Dr. Cox diagnosed right rotator cuff tendonitis and referred Ms. Matuszkiewicz to physical therapy.

On January 12, 2017, Ms. Matuszkiewicz completed an Employees' and Physicians' Report of Injury alleging an injury to her right arm/shoulder while lifting boxes at work on

1

November 28, 2016. The physician's section was completed by Dr. Cox and indicated Ms. Matuszkiewicz developed right rotator cuff tendonitis as a result of an occupational injury. A second undated Employees' and Physicians' Report of Injury indicates Ms. Matuszkiewicz was injured on October 20, 2016. The physician's section was completed by Dr. Cox, but the form was not signed by Ms. Matuszkiewicz. The claims administrator rejected the claim on March 16, 2017.

Ms. Matuszkiewicz testified in a May 8, 2018, deposition that she injured her right shoulder and forearm on October 20, 2016, while lifting a box. She stated that she sought treatment one to two months later from Dr. Cox. Ms. Matuszkiewicz admitted to having a prior right shoulder injury but asserted that her current symptoms differ from her previous ones.

On August 6, 2018, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he diagnosed non-specific pain in the right arm and degenerative glenohumeral arthrosis. He stated that he saw no evidence of a specific injury.

The Office of Judges affirmed the claims administrator's rejection of the claim on November 27, 2018. It found several inconsistencies in Ms. Matuszkiewicz's claim. First, the initial Report of Injury stated that Ms. Matuszkiewicz was injured on November 26, 2016. The second Report of Injury lists the injury date as October 20, 2016, but Ms. Matuszkiewicz failed to sign the form. Ms. Matuszkiewicz then testified in a deposition that she was injured on October 20, 2016. Second, the Office of Judges found that Ms. Matuszkiewicz did not seek treatment for the alleged injury until November 28, 2016, more than a month after the injury allegedly occurred. At that time, she denied experiencing a new injury. She was diagnosed with right rotator cuff tendonitis, a chronic condition. Third, the Office of Judges noted that Ms. Matuszkiewicz only saw Dr. Cox one time for the alleged injury. She testified during her deposition that she injured her right biceps, which extended into her right shoulder. The Office of Judges found that Dr. Cox's November 28, 2016, medical report does not address that particular complaint. Finally, in his independent medical evaluation, Dr. Mukkamala diagnosed non-specific pain in the right arm and degenerative glenohumeral arthrosis. He opined that Ms. Matuszkiewicz did not sustain an occupational injury on October 20, 2016. Based on a preponderance of the evidence, the Office of Judges concluded that Ms. Matuszkiewicz did not sustain a compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on April 19, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Ms. Matuszkiewicz failed to show that she sustained an isolated injury in the course of and resulting from her employment on October 20, 2016. The medical records are inconsistent regarding the date of the injury, Ms. Matuszkiewicz failed to seek treatment for more than a month, and it is unclear what condition allegedly resulted from the injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 31, 2020**

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman